THE UNION SAVINGS & LOAN CO. *v.* THE GYRO CON-
STRUCTION CO. ET AL.

(Decided December 19, 1927.)

*Mr. W. S. Hannon,* for plaintiff.
*Messrs. Ulmer & Berne,* for defendants.

VICKERY, J.    This action comes into this court on appeal from the common pleas court of Cuyahoga county; the case having been appealed to this court by the Union Savings & Loan Company.

It seems that the Union Savings & Loan Company had made a loan to the Gyro Construction Company in the sum of about $8,800, for the purpose of erecting a house on a lot of land that the construction company owned.    From the record and argument of counsel, we learn that by mistake the building to be erected by the Gyro Construction Company was placed upon a lot other than the one upon which the Union Savings & Loan Company had its mortgage; the lot being owned by a lady in Lorain, Ohio, and the building being constructed upon the lot, not by any collusion or arrangement, but by a pure mistake.    Subsequently, it was discovered by

the Union Savings & Loan Company that the building was upon the wrong lot, and it bought the lot upon which the building was constructed, of its owner in Lorain, against whom there were no claims, either mechanics' liens or judgment liens; the Union Savings & Loan Company purchasing this lot for the purpose of saving itself from what otherwise would be a loss.

The lot upon which the Union Savings & Loan Company had its mortgage, and upon which it advanced the sum of $8,800, was worth not more than $3,500.

The Union Savings & Loan Company thereupon brought a suit to foreclose its mortgage, and at that suit the court held that its mortgage was absolutely void, and that as the mechanics had not performed any work upon this lot, they had no mechanics' liens, and that the only claims that were allowable were the judgment liens to the judgment creditors, and the court's order made these judgment liens prior claims to the Union Savings & Loan Company's claim, holding, I believe, that its mortgage was void.

An appeal was taken to this court, and we have heard the case on the same evidence that was introduced below, and we find from the evidence that the Union Savings & Loan Company's mortgage upon this lot was taken in good faith, and so given by the owners thereof, and that without any fault or negligence on the part of the Union Savings & Loan Company the building was erected upon the wrong lot; that the money was all advanced to the parties who should have received it for the construction of the building, but, as already stated, the building was

erected on the wrong lot, and the Union Savings & Loan Company, in order to save itself, had to buy the title from the owners.

Now the record shows that the mortgage of the Union Savings & Loan Company was taken upon the lot of the borrowing defendants, long prior to any judgments having been taken against it, and on just what theory the Union Savings & Loan Company would not be entitled to foreclose its mortgage it is rather hard to understand. I believe the opinion was based upon a decision in the United States court, but, if so, that decision was reversed in the United States Circuit Court of Appeals, and the decision came to naught.

The Union Savings & Loan Company having advanced its money, and having a bona fide mortgage prior to any judgments or other liens upon this property, we see no reason why it should not be permitted to foreclose its mortgage.

A decree will therefore be for plaintiff, the Union Savings & Loan Company.

*Decree for plaintiff.*

SULLIVAN, P. J., and LEVINE, J., concur.